**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jay A. Morrow, D.D.S., | ) | No. CIV 06-2635-PHX-SMM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Boston Mutual Life Insurance Co., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

　　　To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material claimed by the parties to be confidential, and ensure that protection is afforded only to material so designated, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and the parties' Stipulation to Protective Order (Dkt. 58), it is hereby ORDERED:

　　　1. **Confidential Information.** This order shall govern documents produced or exchanged that are stamped or otherwise marked with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and falling into the following categories:

　　　　　　a) Information disclosing the identity, address, telephone number, social security number, policy number, medical information or information protected from disclosure by the NAIC model regulations or any applicable laws for any prospective, current or former owner or insured under any insurance policy issued by Boston Mutual Life Insurance Company (hereinafter "Boston Mutual") and/or administered by Disability

1   Reinsurance Management Services, Inc. (hereinafter "DRMS").

2           b) Information disclosing the identity, address, telephone number, social

3   security number, employment information, medical information, or information protected

4   from disclosure by the NAIC model regulations or any applicable laws for any Defendant

5   or current or former employee or agent of any Defendant.

6           c) Information disclosing Boston Mutual's underwriting policies, claims

7   handling policies, computer systems, or practices with respect to any insurance issued

8   under a policy form sold by Boston Mutual.

9           d) Information disclosing DRMS' underwriting policies, claims handling

10  policies, computer systems, pricing determinations, reinsurance relationships, and

11  agreements with customers, including, but not limited to, Boston Mutual.

12          e) Information disclosing Boston Mutual's costs or pricing determinations

13  with respect to any insurance issued under a policy form sold by Boston Mutual.

14          f) Medical information concerning Plaintiff, his family members, or any

15  other party or witness in this case.

16          g) Subject to the provisions of this subsection g), any other information

17  designated by a party as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

18  If a party designates information as confidential that does not fall within the categories

19  articulated in a)–f), above, any party who disagrees with the designation, or any part of it,

20  shall have twenty (20) days from the date of disclosure of the information in question to

21  advise the disclosing party of the objection in writing. In the event of any such objection,

22  the party disclosing the information claimed to be confidential shall have twenty (20)

23  days from the date of objection to move the Court for an Order designating the

24  information confidential and subject to the terms of this Order. Unless otherwise

25  stipulated, the failure of a disclosing party to move for an Order designating information

26  confidential within twenty (20) days from the date of objection shall constitute a waiver

27  of the right to designate the information as being confidential.  During the period for

28  raising objections, as well the period that any motion to designate the information

confidential is pending, the parties will treat the information as if it were confidential under the terms of this Order.

2. **Scope of Confidential Designation.** The special treatment accorded to documents designated confidential under this Order shall reach:

a) Subject to Section 14, below, all information previously or hereafter designated confidential;

b) All copies, extracts, and complete or partial summaries prepared from confidential information;

c) Any deposition transcript or exhibit, or portion thereof, that discusses or refers to such information, copies, extracts or summaries; and

d) Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or exhibit thereto, that discusses or refers to such information, copies, extracts or summaries.

e) Nothing in this Order shall be construed as abrogating any objection by any party to the discovery or admissibility of any information.

f) Nothing in this Order shall be construed as limiting the use or disclosure of any information obtained by a party from a source other than the party designating it as confidential.

g) Operate as an admission by any party that any particular document or information is, or is not, confidential;

3. **Permissible Disclosure of Confidential Information.** Except with prior written consent of all parties and nonparties asserting confidential treatment, and except as provided elsewhere in this Order, information designated confidential, and all information contained therein or derived therefrom, may not be disclosed to any person other than:

a) The parties to this litigation;

b) Counsel of record for the parties in this action;

c) Secretaries, paralegal assistants, and other employees of such counsel

who are assisting in the prosecution and/or defense of this action;

d) Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witness to testify concerning this case. Subject to the exception in subsection e), immediately below, disclosure of confidential information shall not be made to any witness who is or has been employed by or associated with any competitor or customer of Defendants unless the confidential information in question was created by, seen by or copied to said witness.

e) Outside consultants and experts solely retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this action; and

f) Any person designated by the Court in the interests of justice, upon such terms as the Court may deem proper.

"Disclosure" is intended to be interpreted broadly, and means copying (including handwritten copies), exhibiting, showing, describing, allowing access to, or otherwise releasing to any person the confidential information subject to this Order, except as expressly authorized by this Order.

4. **Review of Party's Own Confidential Information.** The restrictions of this Order shall not apply to parties or nonparties, and their employees, attorneys, experts or other authorized agents, when reviewing their own confidential information.

5. **Certification of Compliance.** Except for persons identified in subparagraphs 3(a)-(c) above, no person authorized under the terms of this Order to receive access to confidential information shall be granted access to it until such person has read this Order and agreed in writing to be bound by it. Such written agreement must contain (a) a recital that the signatory has read and understands this order; (b) a recital that the signatory understands that unauthorized disclosures of confidential information constitute contempt of court; and (c) a statement that the signatory consents to the exercise of personal jurisdiction by this Court. Upon order of this Court, for good cause shown, these written agreements shall be available for inspection by counsel for other parties or nonparties.

1     6. **Responsibility of Attorneys.** The attorneys of record are responsible for

2  employing reasonable measures, consistent with this Order, to control duplication of,

3  access to, preservation of, and distribution of confidential information. It shall be the

4  obligation of counsel, upon hearing of any breach or threatened breach of this Order by

5  any person, promptly to notify counsel for the opposing and producing parties of such

6  breach or threatened breach.

7     7. **Use of Confidential Information at Depositions.** Any confidential

8  information marked as deposition exhibits shall be sealed separately from the remainder

9  of the deposition transcript and exhibits. When a party uses or refers to confidential

10  information at a deposition, the portion of the deposition transcript that relates to such

11  information shall be stamped confidential and sealed separately from the remainder of the

12  transcript, and shall be treated as confidential under the provisions of this Order.

13     8. **Designating Portions of Deposition Transcripts Confidential.** For

14  information encompassed by one or more of subparagraphs 1(a) – 1(f), above, any party

15  or nonparty may, within twenty (20) days after receiving a deposition transcript, designate

16  portions of the transcript, or exhibits thereto, as being confidential. At deposition, the

17  parties will attempt in good faith to preliminarily identify and designate confidential

18  testimony and exhibits without prejudice to their right to so designate other testimony or

19  exhibits or withdraw such designation after receipt of the transcript. Confidential

20  deposition testimony or exhibits may be so designated by stamping the exhibits

21  confidential, or by underlining the portions of the pages that are confidential and

22  stamping such pages confidential. Until expiration of the 20-day period, the entire

23  deposition transcript, and all exhibits thereto, will be treated as confidential under the

24  provisions of this Order. If no party or nonparty timely designates testimony or exhibits

25  from a deposition as being confidential, none of the deposition testimony or exhibits will

26  be treated as confidential. If a timely confidential designation is made, the confidential

27  portions and exhibits shall be sealed separately from the portions and exhibits not so

28  marked, and shall be treated as confidential under the provisions of this Order.

Information not encompassed by one or more of subsections 1(a)–(f), above, may be designated as confidential information subject to the procedures in subparagraph 1(g), above.

9. **Use of Confidential Information in Papers Filed With the Court.** Documents designated confidential, and all information contained therein or derived therefrom, may be discussed or referred to in pleadings, motions, affidavits, briefs and other papers filed with the Court, or attached as exhibits thereto, provided that such confidential documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped confidential and separately filed under seal with the Clerk of the Court.

10. **Use of Confidential Information in Court.** Documents designated confidential, and all information contained therein or derived therefrom, may be used or offered in evidence at the trial of this case, or at any court hearing in this litigation, provided that they are submitted in accordance with paragraph 9, *supra*, or that:

a) Reasonable advance notice is given to permit the designating party or nonparty to seek additional protections or relief from the Court if desired; and

b) The confidential information, and any portion of any transcript or court paper where it is discussed or referred to, is stamped "confidential" and separately filed under seal with the Clerk of Court.

11. **Litigation Use Only.** Subject to Section 2 f), above, all confidential information produced in this litigation, whether by a party or nonparty, and whether pursuant to Federal Civil Rule 34, subpoena, agreement, or otherwise, and all confidential information derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

12. **Non-Termination and Return of Documents.** The provisions of this Order shall continue to apply to all confidential information after this action has been

- 6 -

terminated. Upon termination of this action, including all appeals, the parties shall return all confidential information to the producing party, as well as all copies, extracts and summaries thereof, except that counsel for each party may maintain in its files one copy of each pleading or other paper filed with the Court. Alternatively, the parties and/or any producing party may agree upon appropriate methods of destruction. Nothing in this subsection shall be construed as requiring the return or destruction of information obtained by a party from a source other than a party claiming the information is confidential.

13. **Subpoena By Other Courts Or Agencies.** If another court or an administrative agency subpoenas or orders production of confidential information that a party has obtained under the terms of this Order, such party shall promptly notify the party who designated the information as confidential of the service of such subpoena or order, and provide that party with sufficient time in which to object.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

1    14. **Interim Protection.** Confidential information produced by any party or

2  nonparty through discovery in this action within 40 days prior to the entry of this Order

3  by the Court shall be subject to the provisions of this Order to the same extent as if the

4  Order had been entered by the Court, unless the Court otherwise directs.

5    DATED this 18th day of October, 2007.

6

7

8

9

10

11

12

13

14    _____

15    Stephen M. McNamee
      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28