**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay A. Morrow, D.D.S., ) | No. CIV 06-2635-PHX-SMM |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF DECISION AND ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Boston Mutual Life Insurance Company, ) et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are Defendants BMI and Dr. Bettina Kilburn's Motion to Withdraw Deemed Admissions (Dkt. 66), Defendants Boston Mutual Life Insurance Company ("Boston Mutual") and Disability Reinsurance Management Services, Inc.'s ("DRMS") Motion to Strike Admissions (Dkt. 73), and Plaintiffs' Motion for Summary Judgment on Counts I, II, and IV (Dkt. 59). After considering the arguments raised by the parties, the Court now issues the following ruling.

**BACKGROUND**

Plaintiff initiated this action in state court in October 2006, and Defendants removed the case to this Court on the basis of diversity jurisdiction. The Complaint sets out six causes of action: (1) insurance bad faith; (2) aiding and abetting breach of quasi-fiduciary duty; (3) breach of contract; (4) intentional infliction of emotional distress; (5) civil conspiracy; and (6) tortious interference with prospective advantage. Claims (1) and (3) were directed only

1  at Boston Mutual and DRMS ("Boston Mutual Defendants"), and the remaining claims
2  directed at Boston Mutual Defendants and Dr. Kilburn and BMI ("BMI Defendants").

3  On March 27, 2007, Plaintiff served BMI Defendants by mail with a first set of
4  Requests for Admission ("RFA").  BMI Defendants failed to file responses to the RFA by
5  the deadline of April 30, 2007.  This failure caused the statements contained in the RFA to
6  be deemed admitted.  Fed. R. Civ. P. 36(a).  On May 8, 2007, Plaintiff filed a motion for
7  partial summary judgment as to claims (1), (2), and (4), relying on the deemed admissions
8  to the RFA.  On May 16, 2007, BMI Defendants filed a motion to withdraw the deemed
9  admissions, as well as a motion to dismiss for failure to state a claim.  The Court
10 subsequently granted BMI Defendant's motion to dismiss as to claims (4) and (6).

11 The case results from a disability insurance policy Plaintiff obtained from Boston
12 Mutual.  DRMS, Boston Mutual's claims administrator, initiated a file review to determine
13 whether Plaintiff remained eligible to receive monthly payments under the policy.  BMI
14 Defendants carried out the file review in a manner Plaintiff finds objectionable, and this case
15 followed.  In short, Plaintiff alleges that Boston Mutual Defendants have targeted his
16 disability claim for termination, an effort which BMI Defendants assisted.  The Complaint
17 also includes numerous allegations of "pro-industry" bias on the part of BMI Defendants, and
18 destruction of records by Dr. Kilburn.

19 Plaintiffs' pending motion for summary judgment on their wrongful interference claim
20 relies in part on the deemed admissions by BMI Defendants.  Plaintiffs served 29 RFA on
21 BMI and 32 RFA on Dr. Kilburn, both on March 27, 2007.  In their motion to withdraw the
22 deemed admissions, BMI Defendants explain their failure to respond by the April 30
23 deadline as resulting from three factors: "(i) the inadvertent failure to docket the response
24 date, (ii) defendants' focus on having the Court address the merits of the claims against BMI
25 and Dr. Kilburn in a motion to dismiss, and (iii) defendants awaiting the [Dr.] Bowers
26 deposition transcript."  (Defs.' Mot. 3.)  On May 9, 2007, BMI Defendants notified Plaintiff
27
28

of their intention to file a motion to withdraw the deemed admissions. On May 16, 2007, BMI Defendants responded to the RFA.

## STANDARD OF REVIEW

Rule 36(a), Fed. R. Civ. P., provides: "Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request . . . . the party to whom the request is directed serves upon the party requesting the admission a written answer. . . ." Rule 36(b) determines the effect of admissions: "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." A court may only permit withdrawal or amendment "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b).

## DISCUSSION

The admissions in question include BMI Defendants' agency relationship with Boston Mutual Defendants (BMI RFA 3-5), Dr. Kilburn's destruction of documents despite knowing of her affirmative obligation to maintain those records in the event of litigation (Kilburn RFA 28, 30) BMI's instructing Dr. Kilburn to destroy those records (BMI RFA 19-22), misrepresentations and false statements contained in Dr. Kilburn's final report (Kilburn RFA 25), and BMI's desire to "silence [Plaintiff's] criticism of BMI and Dr. Kilburn" (BMI RFA 29).

**A. Presentation of the Merits**

The first prong of the test for permitting the withdrawal of admissions is whether withdrawal will subserve the presentation of the case on the merits. Fed. R. Civ. P. 36(b); Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). At present, Plaintiff has two claims against BMI Defendants: aiding and abetting bad faith, and civil conspiracy.

//

1. <u>Aiding and Abetting</u>

Claims of aiding and abetting tortious conduct require proof of three elements: (1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach. <u>Wells Fargo Bank v. Arizona Laborers, Teamsters, and Cement Masons Local No. 395 Pension Trust Fund</u>, 38 P.3d 12, 23 (Ariz. 2002).

Plaintiff alleges that BMI Defendants aided and abetted Boston Mutual Defendants by providing a biased and unsubstantiated opinion of Dr. Morrow's health and ability to return to work. (Compl. ¶ 85.) Plaintiff cites Dr. Kilburn's destruction of evidence as evidence of her intent to wrongfully terminate Dr. Morrow's disability claim. (<u>Id</u>. ¶ 62.) BMI Defendants deny both of these allegations, and other allegations in the Complaint regarding improper motives and complicity in targeting Plaintiff's claim for termination. (<u>See</u>, <u>e.g.</u>, Ans. ¶¶ 37, 98.) Therefore the RFAs relating to Dr. Kilburn's destruction of documents, at BMI's direction, implicate the merits of Plaintiff's aiding and abetting claim. The Court notes in this regard that Plaintiff's motion for summary judgment as to the aiding and abetting claim relies on the RFAs deemed admitted.

Plaintiff asserts that BMI Defendants' have not carried their burden of showing that presentation of the merits would be subserved by withdrawal. (Pl.'s Resp. 6.) Plaintiff's argument can be summarized thusly: BMI Defendants have offered no evidence from the record to contradict their admissions (<u>Id</u>. 7-8); BMI Defendants' initial disclosures did not contain any documentation to contradict their admissions (<u>Id</u>. 8-11); and any such documents are now excluded pursuant to Rule 37(c).

Plaintiff's argument is misguided. Defendants' motion contains a list juxtaposing paragraphs of Defendants' answer with certain RFAs addressing the same issues. (Defs.' Mot. 5.) Plaintiff asserts that those paragraphs do not form part of the record because the answer was unverified. (Pl.'s Resp. 6.) This contention finds no support in Ninth Circuit

- 4 -

precedent, Plaintiff's citations to unreported cases in other jurisdictions notwithstanding. Moreover, the "merits" involve an inquiry into the elements or grounds of a claim or defense. See Black's Law Dictionary 1103 (7th ed. 1999). As explained, certain of the admissions go to the heart of BMI Defendants' assistance and knowledge of Boston Mutual Defendants' alleged bad faith–elements of a claim for aiding and abetting. See Wells Fargo, 38 P.3d at 23. Defendant's admissions therefore significantly limit Defendant's ability to defend this case, and the presentation of the case on the merits would be subserved by the withdrawal of the admissions. See, e.g., Hadley, 45 F.3d at 1348 (finding withdrawal appropriate where admissions involved elements of adversary's case).

### 2. Civil Conspiracy

A civil conspiracy occurs when two or more people agree to accomplish an unlawful purpose, or to accomplish a lawful object by unlawful means, causing damages. Wells Fargo Bank, 38 P.3d at 36. However, "there is no such thing as a civil action for conspiracy. The action is one for damages arising out of the act committed pursuant to the conspiracy." Tovrea Land & Cattle Co. v. Linsenmeyer, 412 P.2d 47, 63 (Ariz. 1966). The Court's Order regarding BMI Defendants' motion to dismiss found the Complaint alleged a cause of action for conspiracy to commit bad faith and breach of contract. Withdrawal of the admissions would therefore subserve presentation of the merits of Plaintiff's civil conspiracy claim for the same reasons as Plaintiff's claim for aiding and abetting bad faith.

### B. Prejudice to Plaintiff

The second prong of the test for withdrawal involves the existence of prejudice to the other party. "The prejudice contemplated is not simply that the party who obtained the admission will now have to convince the fact finder of its truth." Hadley, 45 F.3d at 1348. Instead, prejudice relates to the difficulty a party may face in proving its case with respect to the questions previously deemed admitted. Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007). District courts should therefore focus on the prejudice that the nonmoving

party would suffer at trial. Sonoda v. Cabrera, 255 F.3d 1035, 1039-40 (9th Cir. 2001). The nonmoving party bears the burden of proving prejudice. Conlon, 474 F.3d at 622.

Plaintiff's prejudice argument focuses largely on BMI Defendants' conduct in responding to discovery. (See Pl.'s Resp. 13-17.) In this regard, Plaintiff points to BMI Defendants' inadequate initial Rule 26(a) disclosures and failure to respond to discovery requests. (Id. 13-14.) Plaintiff further argues the admissions should not be withdrawn because BMI Defendants' have not produced any documents in support of their denials. (Id.) Finally, Plaintiff argues that BMI Defendants seek to "deny simple facts ... which are obviously true." (Id. 14.) BMI Defendants dispute each of these contentions and contend that their discovery responses have been adequate.

In order to carry his burden regarding prejudice, Plaintiff must identify difficulties he would face in proving his case at trial were the admissions withdrawn. See Sonoda, 255 F.3d at 1039-40; Conlon, 474 F.3d at 622. Even assuming that BMI Defendants' initial disclosures and responses to discovery requests have been inadequate, Plaintiff fails to show how withdrawal would hinder his ability to prove his case at trial. If BMI Defendants "wholly ignore" requests for production, Plaintiff can seek to have such documents excluded if BMI Defendants produce them at trial or on motion.[1] Fed. R. Civ. P. 37(c)(1). Therefore, BMI Defendants' initial disclosures and discovery responses to date do not establish prejudice.

Similarly, BMI Defendants' refusal to admit "obviously true" facts does not constitute prejudice. (Pl.'s Resp. 14.) Plaintiff's argument admits that evidence other than the admissions is available to prove those facts. (See id.) This other evidence, to which Plaintiff clearly has access, may be used throughout discovery and at trial if BMI Defendants deny the related admissions. See Hadley, 45 F.3d at 1349 (denying motion to withdraw

---

[1] BMI Defendants have not produced any such documents in connection with their motion to withdraw.

- 6 -

1  constituted abuse of discretion when affidavits available).  Plaintiff may seek cost-to-prove
2  sanctions, including attorney's fees, if Plaintiff ultimately proves the truth of the withdrawn
3  admissions.  Fed. R. Civ. P. 37(c)(2).

4        BMI Defendants' alleged "dilatory and evasive" conduct does not satisfy the prejudice
5  prong.  As noted, Plaintiff has sufficient recourse under the rules of discovery to overcome
6  any difficulties that may arise at trial.  Moreover, BMI Defendants' responses to discovery
7  requests other than the RFAs are irrelevant to a motion to withdraw under Rule 36.  Plaintiff
8  finds Conlon instructive in deciding the motion under review, and so the Court will analyze
9  it in some detail.  In Conlon, Plaintiff was served with RFAs on August 19, and responses
10 were due on September 21.  474 F.3d at 615.  Plaintiff was contacted when the deadline
11 passed, and again one week later.  Id. at 620.  Plaintiff did not respond by the October 15
12 discovery cut-off deadline, and on November 3 sent deficient responses, and Defendant
13 notified him that the matters would be deemed admitted.  Id.  Plaintiff filed a motion for
14 relief under Rule 36(b) on November 15, the same date as the deadline for dispositive
15 motions.  Id. Reviewing the district court's denial of the motion, the Ninth Circuit found
16 prejudice was "a close question," it could not find that the district court abused its discretion.
17 Id. at 624.  The court noted that the case "involves more than a mere failure to comply with
18 deadlines."  Id.

19       In contrast, the court in Hadley *reversed* the district court's denial of a motion to
20 withdraw under circumstances much more egregious than those presented in this case.  There
21 the plaintiff was served with RFAs on June 8, and responses due July 8.  Hadley, 45 F.3d at
22 1347.  Plaintiff did not serve his answers until August 14, six weeks before the final pretrial
23 conference was to occur.  Id.  Defendant claimed prejudice in that it relied on the admissions
24 during plaintiff's deposition and trial preparation.  Id. at 1349.  Nonetheless, the Ninth
25 Circuit found that the district court abused its discretion in denying plaintiff's motion to
26 withdraw the admissions.

27
28

In this case, BMI Defendants received the RFAs on March 28, and responses were due April 30. BMI Defendants filed this motion to withdraw the admissions May 16, less than three weeks later. Additionally, BMI Defendants aver that they notified Plaintiff of their intention to seek withdrawal less than two weeks after the response deadline passed, a contention Plaintiff does not dispute. (See Defs.' Mot. 3.) Most importantly, the discovery cut-off deadline is not until February 15, 2008, and dispositive motions are not due until March 14, 2008. The Court therefore concludes that Plaintiffs have failed to demonstrate that they will be prejudiced by the withdrawal of Defendant's admissions.

The Court notes, however, that BMI Defendants' failure to docket the response deadline is in no way an adequate excuse. Nor does the Court find it relevant that Plaintiff granted Boston Mutual Defendants extensions of time to respond, as BMI Defendants made no such request. Nonetheless, the Court finds that withdrawal would not prejudice Plaintiff at this time.

## CONCLUSION

The presentation of the merits of this case will be subserved by the withdrawal of BMI Defendants' admissions, and Plaintiff has not demonstrated that he will suffer prejudice from the withdrawal. The Court will therefore grant Defendants' motion. Because Plaintiff's motion for partial summary judgment relies on the admissions for critical facts, Plaintiff's motion will be denied. Accordingly,

**IT IS HEREBY ORDERED** granting Defendant BMI and Defendant Kilburn's Motion to Withdraw Deemed Admissions (Dkt. 66).

**IT IS FURTHER ORDERED** denying as moot Defendant Boston Mutual and Defendant DRMS's Motion to Strike Admissions (Dkt. 73).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Partial Summary Judgment (Dkt. 59).

//

//

1  **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Leave to File Sur-
2  Reply (Dkt. 87).
3  DATED this 7th day of December, 2007.

Stephen M. McNamee
United States District Judge