**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jay A. Morrow, D.D.S.,<br>        Plaintiff,<br>    v.<br>Boston Mutual Life Insurance Company, et al.,<br>        Defendants. | No.: CIV 06-02635-PHX-SMM<br><br>**ORDER** |

Pending before the Court is the Plaintiff's motion for an order to show cause and for order of civil contempt as to Defendants Behavioral Management, Inc. ("BMI") (Dkt. 175). Plaintiff has also filed a motion requesting an evidentiary hearing on the motion for an order to show cause (Dkt. 194), repeating a request made in the motion for an order to show cause. Both motions are fully briefed.

## BACKGROUND[1]

The instant motions arise out of a discovery dispute hearing and subsequent Court Order. On October 31, 2007, the Court held a discovery dispute hearing to address a number of issues. (See Dkt. 171, Tr. of Disc. Dispute Hr'g.) One of the issues was Plaintiff's request for approximately 119 reports BMI prepared for Defendant Disability Reinsurance Management Services, Inc. ("DRMS"), including reports prepared by

---

[1] For a complete factual background of Plaintiff's claims, see the Memorandum of Decision and Order dated November 5, 2007 (Dkt. 157).

Defendant Bettina Kilburn ("Kilburn"). (Id. at 11:3-9, 35:23-50:17.) Plaintiff sought to discover, as part of his allegation of a pro-insurer bias, BMI and Kilburn's previous determinations as to whether insurance claimants were disabled. The Court ordered BMI to produce a list of cases and the determination reached. (See, e.g., id. at 39:9-10 ("[F]or instance, case number one: found disabled; case number 2: disabled; case number 3 –.").)

The Court ruled on the issues orally at the hearing, and followed up after the hearing with a written order memorializing the decisions reached. Regarding the issue currently in dispute, the Court ordered as follows:

> (1) Defendant BMI shall produce to Plaintiff a summary of previous claims reviews performed by BMI for DRMS, including reviews conducted by Dr. Kilburn. Due to the privacy interests involved in medical records, the summary shall consist of a case number (e.g., "1") and the determination reached (e.g., "disabled"). BMI shall also maintain a master list identifying which case numbers correspond to which files, in the event further disclosure of the files is warranted.

(Dkt. 155, Order dated Nov. 5, 2007.)

Plaintiff contends that BMI failed to comply with this Order, alleging that BMI "outright lied" about factual determinations, failed to disclose all pertinent determinations, and manipulated the content of information. (Dkt. 175, Pl.'s Mot.) Plaintiff further contends that an evidentiary hearing and sanctions are necessary to remedy BMI's alleged failure to comply.

**STANDARD OF REVIEW**

District courts have broad equitable power to order appropriate relief in civil contempt proceedings. McComb v. Jacksonville Paper Co., 336 U.S. 187, 193 (1949); Neebars, Inc. v. Long Bar Grinding, Inc., 438 F.2d 47, 48 (9th Cir. 1971) (per curiam). A district court may impose civil contempt sanctions to coerce obedience to one of its orders, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both. Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992). Generally, however, a court should only impose the minimum

sanction necessary to obtain compliance. Id.  Unlike the punitive nature of criminal sanctions, civil sanctions are wholly remedial. Id.  In determining the amount and duration of a coercive fine, a court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." Id. at 516 (quoting United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947)).

With a motion for civil contempt, the moving party has the initial burden of demonstrating by "clear and convincing evidence" that a specific and definite order of the court has been violated. FTC v. Enforma Natural Products, Inc., 362 F.3d 1204, 1211 (9th Cir. 2004).  In determining whether the nonmoving party violated the order, the focus is not on subjective beliefs or intent in complying with the order, but whether in fact the conduct complied with the order at issue. In re Dyer, 322 F.3d 1178, 1191 (9th Cir. 2003).  Once the moving party makes its initial showing, the burden shifts to the party violating the order to demonstrate why they were unable to comply. Enforma Natural Products, 362 F.3d at 1211.

## DISCUSSION

Plaintiff contends that BMI failed to comply with this Order, alleging that BMI "outright lied" about factual determinations, failed to disclose all pertinent determinations, and manipulated the content of information.  As to each of these contentions, Plaintiff fails to carry his initial burden of demonstrating by clear and convincing evidence that a specific and definite order of the Court has been violated. Plaintiffs motion will therefore be denied.

**A. BMI's "Lies"**

Plaintiff alleges that BMI "outright lied about at least two factual determinations" reached in previous claims reviews. (Pl.'s Mot. at 7:3-8:2.)  On the first claim review by Kilburn, BMI provided the following outcome: "Impairment supported though 6/25/05."

(Id., Ex. 1 to Ex. A.)  The second claim review similarly stated "Impairment supported through 8/30/05."  (Id.)  Mark Raderstorf, president and founder of BMI, confirmed in his deposition that the outcomes meant that the impairments were not supported after the dates listed.  (Pl.'s Mot. at 7.)  Plaintiff asserts that BMI therefore "outright lied" to the extent that BMI ultimately found the impairment was not supported, but used the words "impairment supported" on the list provided per the Court's Order.

Plaintiff's contention stretches the bounds of reason.  Rather than revealing an "outright lie," Raderstorf's deposition testimony merely confirms a common sense interpretation of the outcome provided.  BMI did not omit critical information, as Plaintiff contends, so much as it required a simple inferential step.  Moreover, BMI's counsel communicated their understanding to Plaintiff's counsel that the impairment was not supported past the date provided.  (Pl.'s Mot., Ex. 2 to Ex. A, e-mail from Robert Simbro dated Nov. 28, 2007.)  Therefore Plaintiff's contention is without merit.

### B.  BMI's Failure to Disclose All Pertinent Determinations

Plaintiff next contends that BMI failed to provide an objective summary of all relevant determinations made in each file, but chose instead to disclose only a single outcome for each file.  (Pl.'s Mot. 8:3-11:21.)  The Order in this matter specifically contemplates a single outcome for each file by requiring BMI to provide "the" determination reached.  (Dkt. 155, Order dated Nov. 5, 2007 ("e.g., 'disabled.'").)  Additionally, although the Order suggests that BMI provide the determination in terms of "disabled," BMI did not violate the Order by listing the determinations in terms of "impairment supported."  See Black's Law Dictionary 533 (7th ed. 1999) (defining "e.g." as "for example").  Raderstorf's deposition testimony confirms that BMI does not make determinations of "disabled" or "not disabled."  (Defs.' Resp., Ex. 1, Dep. of Mark Raderstorf 76:11-14.)  The Order and transcript of the discovery dispute hearing make it

clear that "disabled" was only an example of how the determination could be characterized.

As Plaintiff does not demonstrate that a specific and definite order was violated, this contention also fails.

### C. BMI's Manipulation of Information

Finally, Plaintiff contends that Raderstorf "manipulated" the outcomes originally compiled, resulting in a "distorted and biased summary of its own reports." (Pl.'s Mot. at 11:22-12:26.) Sandy Mattson, BMI's business manager, prepared an initial list of outcomes based on her initial judgment. (Id. at 12:3-15.) Raderstorf then reviewed Mattson's preliminary outcomes and changed approximately eight to ten of her initial judgments. (Id.) Plaintiff asserts that Raderstorf's actions "underscores the subjective and unreliable nature of the information provided." (Id. at 12:17-18.)

Plaintiff's contention is divorced from reality. Rather than a "manipulation" of information, Raderstorf's conduct (as the founder and president of BMI) indicates a responsible and wholly unremarkable business practice—akin, as Defendants point out, to a lawyer proofreading a paralegal's work. Moreover, it is not clear why Mattson's initial judgments were not "subjective," nor why an alteration by the president and founder of the company renders the information less reliable. Therefore this final contention fails.

### D. Remaining Issues

Plaintiff requests in connection with his motion that the Court hold an evidentiary hearing and issue sanctions. Plaintiff repeated his request for an evidentiary hearing through a separate motion. (See Dkt. 194.) Plaintiff asserts that an evidentiary hearing is "necessary to ascertain the full impact of BMI's deficient disclosure," on account of the alleged omissions and manipulation of data compiled by BMI. As Plaintiff failed to demonstrate a violation of the Court's Order, including omitting or manipulating data, these requests are denied.

Defendants BMI and Kilburn request that the Court award appropriate attorney's fees in order to curb the behavior of Plaintiff's counsel. (Dkt. 178, Defs.' Resp. 6:10-18.) The Court agrees that Defendants should not have been required to respond to Plaintiff's exaggerated and meritless motion. Defendants BMI and Kilburn shall therefore be entitled to recover, after conclusion of this case, the fees and costs incurred in relation to Plaintiff's motions.

Accordingly,

**IT IS HEREBY ORDERED** denying Plaintiff's motion for an order to show cause and of contempt (Dkt. 175).

**IT IS FURTHER ORDERED** denying Plaintiff's request for an evidentiary hearing (Dkt. 194).

**IT IS FURTHER ORDERED** that Defendants BMI and Kilburn shall be entitled to recover the attorney's fees and costs incurred in responding to both of these motions, such recovery to occur after conclusion of this case.

DATED this 10th day of April, 2008.

_____
Stephen M. McNamee
United States District Judge