**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jay A. Morrow, D.D.S., ) | No. CIV 06-2635-PHX-SMM |
| Plaintiff, ) | **ORDER** |
| v. ) |  |
| Boston Mutual Life Insurance Company, ) et al., ) |  |
| Defendants. ) |  |

On May 21, 2008, the Court held a telephonic discovery dispute in the above-captioned matter. The parties presented several issues for the Court's determination, each pertaining to documents sought via subpoena or other discovery mechanisms. Several of the issues pertained to documents sought regarding Plaintiff's witness, Dr. Karen Canulla. Pursuant to the decisions reached in that hearing,

**IT IS HEREBY ORDERED**:

(1) Regarding the documents from Dr. Canulla's child custody proceedings, the information is not the appropriate subject of discovery in light of the issues in this case, and the dispute is not yet ripe as Defendants have not issued a subpoena with respect to these documents. It would appear that Defendants are not entitled to the child custody proceeding documents.

(2) Regarding documents from Dr. Canulla's disability claim, the information is discoverable, with certain limitations. Defendants are entitled to obtain an affidavit from Dr.

1  Canulla's treating physician setting forth the date on which Dr. Canulla became disabled and
2  the date on which Dr. Canulla could return to work. Defendants are also entitled to an
3  affidavit from Dr. Canulla's disability insurer setting forth the date on which Dr. Canulla
4  filed her claim, the date on which the claim was settled or "bought out," and the date, if any,
5  on which the disability insurer determined that Dr. Canulla was no longer disabled or was
6  returned to work.

7  (3) Regarding documents from Dr. Canulla's malpractice insurance, Defendants are
8  entitled to an affidavit from Dr. Canulla's malpractice insurer setting forth the dates of Dr.
9  Canulla's coverage.

10  (4) Regarding documents from Plaintiff's prior disability claim with Unum or New
11  York Life, Defendants are entitled to those documents, subject to the confidentiality
12  agreement reached in that claim.

13  (5) Regarding documents from Defendant DRMS's litigation in Alaska, those
14  documents are unrelated to the issues in this case and are therefore not discoverable.
15  Therefore Plaintiff is not entitled to the Alaska litigation documents.

16  DATED this 22nd day of May, 2008.

_____
Stephen M. McNamee
United States District Judge