**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay A. Morrow, D.D.S., ) | No. CV-06-2635-PHX-SMM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| Boston Mutual Life Insurance Company,) et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint ("Motion for Leave") (Dkt. 203). Plaintiff seeks to amend his 28 page, 154 paragraph Complaint with a 55 page, 257 paragraph amended complaint. (Compare Dkt. 1, Ex. 1 with Dkt. 203, Ex. A.) Defendants oppose the motion. (Dkts. 211, 216.)[1]

**STANDARD OF REVIEW**

    Except for amendments made "of course" or pursuant to stipulation, leave of court is required to amend a pleading. Fed. R. Civ. P. 15(a). Leave to amend should be freely granted "when justice so requires." Id. The Supreme Court has identified four relevant factors in determining whether a leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party.

---

[1] For a background on the events giving rise to this litigation and the claims asserted, see Memorandum of Decision and Order dated November 5, 2007 (Dkt. 157).

Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). A proposed amendment is "futile" only if no set of facts can be proven under the amendment which would constitute a valid claim or defense. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209 (9th Cir. 1988).

## DISCUSSION

Plaintiff seeks leave to amend his Complaint to assert new allegations "establishing the extreme and outrageous conduct of each of the Defendants and supporting a revised claim for the intentional infliction of emotional distress." (Dkt. 203, Pl.'s Mot. for Leave 2:18-21.) The Court previously granted Defendants BMI and Dr. Bettina Kilburn's motion to dismiss Plaintiff's claim for intentional infliction of emotional distress. (Dkt. 157, Mem. of Decision and Order dated Nov. 5, 2007 9-13.) Defendants Boston Mutual Life Insurance Company and DRMS did not join the motion to dismiss; the intentional infliction of emotional distress claim contained in the original Complaint therefore remains as to those Defendants. All Defendants oppose the Motion for Leave on the grounds that the proposed amendments are futile. (Dkts. 211, 216.) The Court agrees.

Three elements are necessary to establish a claim of intentional infliction of emotional distress: (1) defendant's conduct can be characterized as "extreme and outrageous"; (2) defendant must intend to cause emotional distress or recklessly disregard the "near certainty" that distress will result; and (3) defendant's conduct must cause severe emotional distress. Lucchesi v. Frederic N. Stimmell, M.D., Ltd., 716 P.2d 1013, 1015-16 (Ariz. 1986). It is the duty of the court to determine the threshold issue of whether the acts complained of can be considered extreme and outrageous so as to substantiate a claim for relief. Patton v. First Federal Savings & Loan, 578 P.2d 152, 155 (Ariz. 1979). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of facts to an average member of the community

1 would arouse his resentment against the actor, and lead him to exclaim 'Outrageous!'"
2 Lucchesi, 716 P.2d at 1016.

3       The Court dismissed Plaintiff's intentional infliction of emotional distress claim
4 because the conduct alleged failed to rise to the level of "extreme and outrageous." (Dkt.
5 157, Order dated Nov. 5, 2007 at 13:4-6.) Plaintiff asserts that the new allegations
6 establish the extreme and outrageous conduct of each Defendant. However, Plaintiffs
7 new allegations either reiterate allegations contained in the original Complaint, allege
8 additional examples of conduct the Court previously found insufficient, or allege conduct
9 that was not directed at Plaintiff.

10       The repetitive aspect of the new allegations are discussed in Defendants BMI and
11 Dr. Kilburn's Response to the Motion for Leave, and need not be recreated. (See Dkt.
12 211 at 6-7.) The destruction of documents was previously found to fall short of the
13 "extreme and outrageous" requirement, and additional examples of document destruction
14 similarly fail to meet that threshold. (Compare Dkt. 157, Order dated Nov. 5, 2007 at
15 12:11-19 with Dkt. 232, Pl.'s Reply 3:3-8.) Moreover, it is unclear how the destruction of
16 documents constitutes conduct directed at Plaintiff. Plaintiff similarly alleges other
17 conduct that did not involve Plaintiff, such as "the outrageous manner in which Boston
18 Mutual and DRMS retained BMI's services." These allegations go toward Plaintiff's
19 claim for insurance bad faith, but they do not rise to the requisite level of "extreme and
20 outrageous conduct." As the purpose behind the Motion for Leave was to support a
21 revised claim for intentional infliction of emotional distress, the Court will deny
22 Plaintiff's Motion for Leave as futile.

23       Additionally, the Court notes that Plaintiff's proposed amended complaint fails to
24 comply with the Federal Rules of Civil Procedure, which require "a short and plain
25 statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
26 Rather than setting forth a short and plain statement, the proposed amended complaint
27 spans over fifty pages, much of which is unnecessary editorial.
28 //

1  Accordingly,

2  **IT IS HEREBY ORDERED** denying Plaintiff's Motion for Leave to File First
3  Amended Complaint (Dkt. 203).

4  DATED this 22nd day of May, 2008.

Stephen M. McNamee
United States District Judge

- 4 -