**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay A. Morrow, D.D.S., an individual, ) | No. CV 06-2635-PHX-SMM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Boston Mutual Life Insurance Company, et al., ) | |
| Defendants. ) | |

Before the Court is Plaintiff's Motion for Voluntary Dismissal With Prejudice as to Defendants BMI and Kilburn on Certain Terms (Agreed to and Joined by Defendants BMI and Kilburn) ("Motion for Dismissal") (Dkt. 260), and Request for Expedited Ruling (Dkt. 261). For reasons given below, these motions will be denied.

Plaintiff and Defendants BMI and Kilburn ("BMI Defendants") seek dismissal with prejudice of the claims asserted by Plaintiff against BMI Defendants pursuant to Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) permits dismissal of an action "at the plaintiff's request only by court order, on terms that the court considers proper." The moving parties' state that their agreement to dismiss the action as between them requires that the Court "expressly find that Plaintiffs' claims against Defendants Boston Mutual and Disability RMS are unaffected by entry of the proposed order of dismissal with prejudice" as to the BMI Defendants. (Dkt. 260, Mot. for Dismissal 2:1-3.) The "reasons" for this finding consist of legal conclusions regarding the liability of the remaining Defendants, Boston Mutual and Disability RMS. (See id. at 2:4-14.) For example, "Plaintiff's claims against Defendants Boston Mutual and Disability RMS are independent causes of action not predicated on the legal joinder of [BMI Defendants]."

The moving parties essentially seek a declaratory judgment regarding the liability of the remaining Defendants. The Court does not consider such terms to be "proper" for dismissal, but instead entirely unnecessary for the stated purpose of dismissing with prejudice the BMI Defendants. Nor does the Court see any need for an expedited briefing schedule. As such, the Court will not require further briefing from the remaining Defendants, on an expedited basis or otherwise.

The Motion for Dismissal will therefore be denied without prejudice. Should Plaintiff and BMI Defendants reach a settlement agreement that does not require a declaration regarding Plaintiff's claims against the remaining Defendants, they may represent a motion for dismissal. If not, the Court anticipates receiving Plaintiff's response to BMI Defendants' Motion for Summary Judgment, due July 23, 2008. As Plaintiff notes, a fourth extension of the deadline to respond to BMI Defendants' Motion for Summary Judgment would "test the Court's patience" and be "almost certainly unnecessary." (Dkt. 264, Pl.'s Reply to Mot. for Expedited Ruling 2 n.1.)

Accordingly,

**IT IS HEREBY ORDERED** denying without prejudice and with leave to refile Plaintiff's Motion for Dismissal (Dkt. 260).

**IT IS FURTHER ORDERED** denying as moot the Joint Request for Expedited Ruling (Dkt. 261).

DATED this 7th day of July, 2008.

Stephen M. McNamee
United States District Judge